No. 93-484

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

IN THE MATTER OF THE
MENTAL HEALTH OF D.B.

Appellant.



FILED

FEB 11 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Seventh Judicial District,
                In and for the County of Richland,
                The Honorable Kenneth R. Wilson, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Lonnie J. Olson, Mental Disabilities Board of
                Visitors, Warm Springs, Montana

        For Respondent:

                Mike Weber, Richland County Attorney, Sidney,
                Montana; Hon. Joseph P. Mazurek, Attorney General,
                John Paulson, Assistant Attorney General, Helena,
                Montana


                        Submitted on Briefs:  January 27, 1994

                                    Decided:  February 11, 1994

Filed:



_____
                Clerk

Justice James C. Nelson delivered the Opinion of the Court.

D.B. appeals a portion of an Order of Commitment of the Seventh Judicial District Court, Richland County, authorizing the involuntary administration of medications. We reverse and remand.

The issue on appeal is as follows: did the District Court err by including, in its Order of Commitment, a directive allowing D.B. to be forcibly medicated?

On August 13, 1993, a Petition for Involuntary Commitment was filed in Richland County alleging that D.B. was seriously mentally ill and requesting his commitment to a mental health facility for a period of not more than three months. That same day, District Judge Richard Phillips found probable cause for D.B.'s detention pending a hearing. D.B. requested that he be detained at the county jail rather than in the Glendive Medical Center, and this request was granted by Judge Phillips. The court appointed Douglas Walter, a certified professional person, to examine D.B., which Dr. Walter did on August 14, 1993.

On August 18, 1993, a hearing was held before District Judge Kenneth Wilson, and D.B. was represented by counsel. Bev Deitz, an intensive case manager for the Eastern Montana Mental Health Center (Health Center), testified, as did Kay Johnson, the day treatment coordinator at the Health Center. Both women testified that they had encountered D.B. on a street in Sidney on August 13, 1993, and that D.B. told them that the Richland National Bank had kept a hundred million dollars from him and he was going to go to the bank and kill the people there. In addition, D.B. threatened to go to

2

the Cattle-ac, a local bar, and kill everyone there. D.B. also threatened to kill Ms. Dietz and Ms. Johnson. Both women testified that D.B. spoke rapidly and continuously, appeared extremely agitated, and was hallucinating about aliens from outer space.

Dr. Walter filed a Report to the Court on the day of the hearing and also testified. Dr. Walter stated that he was unable to obtain much background information on D.B., as D.B. was suspicious of Dr. Walter's intent and had difficulty organizing his thoughts. Dr. Walter further testified that D.B. appeared to be confused and disoriented, and believed that the telephone in his jail cell was "bugged" by communists. D.B. also told Dr. Walter that he was waiting for a check to be delivered to him for a hundred million dollars. He said the source of that money was a hundred movie stars and that some of it was partial payment for a film he made with Donna Summer entitled "Donna and Don." Dr. Walter testified that D.B. had a "loosening of association" and diagnosed D.B. with chronic paranoid schizophrenia. He testified that D.B. posed an imminent threat of injury to himself and to others, and stated that D.B. was seriously mentally ill. Dr. Walter recommended that D.B. receive "inpatient evaluation for medication, treatment" and that this "evaluation and treatment" occur at the Montana State Hospital in Warm Springs.

David Schettine, a detective sergeant with the Sidney Police Department, testified that he and three other officers served the commitment papers on D.B. When Mr. Schettine served D.B., he ripped up the papers and stated that the president had already

3

pardoned him. D.B. also spoke of aliens. Mr. Schettine testified that D.B. accompanied the officers, but refused to get out of the car and struck Mr. Schettine when he attempted to remove D.B. from the car.

During the hearing, D.B. threatened the District Judge and had to be restrained from leaving the courtroom a number of times. He continually disrupted the proceedings by cursing and threatening the participants. At one point, D.B. stated that "this ain't the only planet I'm dealing with" and stated that the telephone in his jail cell was a "communist phone."

After the hearing, the District Court entered Findings of Fact and Conclusions of Law and determined that D.B. was seriously mentally ill. The court signed an Order of Commitment, and in this order stated that "if the patient refuses oral medication, the attending physician at Montana State Hospital shall have the authority to administer medication by injection if necessary." D.B. appeals that portion of the order dealing with the forced medication.

In the Petition for Involuntary Commitment, the Richland County Attorney did not allege that D.B. had refused medication or that the possibility existed that D.B. would refuse medication, and did not request that D.B. be forcibly medicated. At the hearing, the medication issue was only peripherally addressed, at best. D.B. had no notice, prior to the entry of the Order of Commitment, that forcible medication was an issue. The District Court gratuitously included the order that D.B. was to be forcibly

4

medicated, if necessary. Therefore, without reaching or addressing the constitutional issues raised by D.B. in his briefs on appeal, we hold that the District Court erred in including the language allowing the state hospital to forcibly medicate D.B., and order that portion of the Order of Commitment stricken.

Reversed and remanded with instructions.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

_____
Justice

We Concur:

_____
Chief Justice

_____
_____
Justices

THE FOLLOWING INDIVIDUALS WILL BE ADMITTED TO THE STATE BAR OF MONTANA, TUESDAY, OCTOBER 18, 1994, AT  9:00 A.M.:

Deborah J. Schaaf
Helena, Montana

Michael D. Isakson
Kalispell, Montana

Bruce R. Elworthy
Tahoe City, California

Anne B. Marshall
Tahoe City, California

February 11, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Lonnie J. Olson
Mental Disabilities, Board of Visitors
P. O. Box 177
Warm Springs, MT 59756

Mike Weber
Richland County Attorney
Courthouse, 201 W. Main
Sidney, MT 59270

Hon. Joseph P. Mazurek, Attorney General
John Paulson, Assistant
Justice Bldg.
Helena, MT 59620

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
    Deputy